**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**

FILED
AUG 28 2013
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**Alexandria Division**

**Walter Douglas Jenkins,**
**Petitioner,**

v. **1:12cv885 (CMH/TRJ)**

**Eddie L. Pearson,**
**Respondent.**

MEMORANDUM OPINION

Walter Douglas Jenkins, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction for first degree murder in the Circuit Court for Prince William County, Virginia. Respondent filed a Motion to Dismiss and accompanying memorandum, and petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Petitioner has filed a response; accordingly, this matter is ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice.

**I. Background**

Petitioner is incarcerated pursuant to a final judgment of the Circuit Court of Arlington County, Virginia, entered on January 26, 2010. After a jury trial, petitioner was convicted of first-degree murder and use of a firearm during the commission of a murder. No. CR-05-66292. He received a total sentence of thirty-three years' incarceration.

The Court of Appeals of Virginia denied the petitioner's petition for appeal. Jenkins v. Commonwealth, No. 2318-08-4 (Va. Ct. App. Jun. 8, 2009). Petitioner then appealed to the Supreme Court of Virginia, which dismissed the appeal. Jenkins v. Commonwealth, No. 101769

(Va. Nov. 8, 2010). After petitioner was granted a delayed appeal, the Supreme Court of Virginia refused the appeal on October 13, 2011. Jenkins v. Commonwealth, No. 110819 (Va. Oct. 13, 2011). Petitioner's motion for rehearing was denied on January 20, 2012. Id.

On February 6, 2012, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, raising four grounds. Jenkins v. Warden, No. 120214 (July 13, 2012). The Supreme Court of Virginia denied and dismissed the petition on July 13, 2012. Id.

On November 27, 2012, petitioner filed the instant federal habeas petition, which asserts the following claims:

> (1) Petitioner was denied his Sixth and Fourteenth Amendment right to a speedy trial.
>
> (2) Counsel rendered ineffective assistance when he failed to obtain a recording of the preliminary hearing.
>
> (3) Petitioner was denied his Fourteenth Amendment rights due to prosecutorial misconduct for allowing perjured testimony, not correcting the perjured testimony, and making false statements to the jury.
>
> (4) Petitioner was denied his Fifth Amendment right to suppress his entire statement.

Claims 1, 2, and 4 are essentially the same grounds petitioner raised in his state habeas petition. Claim 3 was not presented in petitioner's state habeas petition or raised on direct appeal.

## II. Exhaustion and Procedural Bar

In reviewing a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a federal court must first determine whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are barred by a procedural default. As a general rule, a federal petitioner must first exhaust his claims in state court because exhaustion is a matter of comity to the state courts; failure to exhaust a claim requires its dismissal by the

federal court. See 28 U.S.C. § 2254(b); Granberry v. Greer, 481 U.S. 129, 134 (1987); Rose v. Lundy, 455 U.S. 509, 515–19 (1982). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, in Virginia, a § 2254 petitioner must first have presented the same factual and legal claims to the Supreme Court of Virginia either by way of a direct appeal, a state habeas corpus petition, or an appeal from a circuit court's denial of a state habeas petition. Matthews v. Evatt, 105 F.3d 907, 910–11 (4th Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275–78 (1971) for the proposition that for a claim to be exhausted, "both the operative facts and the 'controlling legal principles' must be presented to the state court."); see Pruett v. Thompson, 771 F.Supp. 1428, 1436 (E.D. Va. 1991), aff'd 996 F.2d 1560 (4th Cir. 1993) (exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court.").

Additionally, when a state court has determined that a claim has been procedurally defaulted, its finding is entitled to a presumption of correctness on federal habeas corpus review, provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262–63 (1989); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)). First, the state court must have relied explicitly on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule relied on to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423–24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260.

When petitioner raised claim 3 in his state habeas petition, the Supreme Court of Virginia held that the claim was "barred because this non-jurisdictional issue could have been raised at trial and on direct appeal, and, thus are not cognizable in a petition for a writ of habeas corpus." Slayton v. Parrigan, 205 S.E.2d 680 (Va. 1974). The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196–97 (4th Cir. 1997). Therefore, Claim 3 must be dismissed as procedurally defaulted unless petitioner demonstrates cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris v. Reed, 489 U.S. 255, 260 (1989). Petitioner's response to the Motion to Dismiss makes no argument regarding cause and prejudice or a fundamental miscarriage of justice. Therefore, claim 3 will be dismissed as procedurally defaulted.

Petitioner's remaining claims will be examined on the merits.

## III. Standard of Review

Where a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant habeas relief unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or is based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412–13 (2000). A state court determination meets the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application"

clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Moreover, this standard of reasonableness is an objective one. Id. at 410.

## IV. Analysis

In the remaining claims, petitioner argues that his right a speedy trial was violated, that counsel rendered ineffective assistance, and that his Fifth Amendment right was violated.

A. Claim 1: Violation of Sixth Amendment Right to Speedy Trial

Petitioner argues that his right to a speedy trial was violated. When petitioner presented this issue in his state habeas corpus petition, the Supreme Court of Virginia held that the claim was barred because this issue was raised and decided in the trial court and on direct appeal from the criminal conviction, and therefore, it cannot be raised in a habeas corpus petition pursuant to Henry v. Warden, 576 S.E.2d 495, 496 (2003).[1] Jenkins v. Warden, supra, at 1. When he raised the issue on direct appeal to the Court of Appeals of Virginia, it found that, because the delay was attributable to appellant and his counsel, no violation occurred. Jenkins v. Commonwealth, R. No. 2318-08-4, at 7 (Va. Ct. App. Jun. 8, 2009). Because the Court of Appeals' opinion was the last reasoned decision on this issue, its holding is imputed to the Supreme Court of Virginia. See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

The finding of the Court of Appeals is neither contrary to nor an unreasonable application of federal law and is not based on an unreasonable interpretation of the facts. Under the Sixth

---

[1] Respondent argues that this claim, as well as Claim 4, are precluded from federal review because the Supreme Court of Virginia found that the claims were procedurally barred. However, because the claims were considered by the Supreme Court of Virginia on direct appeal, the fact that they were barred from further state consideration in a later state proceeding does not preclude their federal consideration. Bell v. True, 413 F. Supp. 2d 657 (W.D. Va. 2006).

Amendment, defendants accused of crimes enjoy "the right to a speedy and public trial," U. S. Const. amend VI, and the Fourteenth Amendment extends this right to criminal trials in state court. Klopfer v. North Carolina, 386 U.S. 213 (1967). In Barker, the Supreme Court adopted a four-factor balancing test to be used in evaluating speedy trial violation claims under the Sixth Amendment: 1) the length of the delay; 2) the reason for the delay; 3) whether the defendant timely asserted the right to a speedy trial; and 4) whether the defendant suffered prejudice as a result of the delay. 407 U.S. 514, 530–32 (1972). Under this test, a petitioner must show "that on balance, the four separate factors weigh in his favor." United States v. Thomas, 55 F.3d 144, 148 (4th Cir. 1995).

Petitioner originally waived, orally and in writing, his right to a speedy trial when his first counsel requested a continuance at a hearing on April 20, 2007. Mot. Tr. 2–4, No. CR-05-66292 (Apr. 20, 2007). Petitioner's counsel indicated that petitioner understood the reason for the continuance and was willing to waive his right to a speedy trial, and petitioner signed a waiver form. Id. At a motion hearing held on June 1, 2007, petitioner moved to dismiss the case on speedy trial grounds, arguing that he had not knowingly or voluntarily made the waiver. Mot. Tr. 4, No. CR-05-66292 (Jun. 1, 2007). The trial court evaluated the Barker factors, found that the waiver had been made knowingly and voluntarily, and held that petitioner's rights had not been violated. Mot. Tr. 11–14, No. CR-05-66292 (Jun. 1, 2007).

As to the first factor, the trial court found that the eighteen-month time period between petitioner's arrest and trial date was not excessive. Mot. Tr. 12, No. CR-05-66292 (Jun. 1, 2007). In evaluating the second factor, it found that the delay was attributable to defendant. Id. Petitioner's first trial counsel moved for a continuance due to a health issue of a family member and so that he could hire an expert to analyze DNA evidence. Mot. Tr. 2–4, No. CR-05-66292

(Apr. 20, 2007). Subsequent delays occurred when petitioner requested and was granted new counsel. Petitioner did not assert his speedy trial right until May 30, 2007, after he had signed the waiver, and the trial court found no prejudice to the petitioner. Mot. Tr. 13, No. CR-05-66292 (Jun. 1, 2007). Because the trial court analyzed the Barker factors and found that petitioner's Sixth Amendment rights were not violated, the Court of Appeals' decision to affirm the trial court's finding was neither contrary to nor an unreasonable application of federal law and, as the record shows, is not based on an unreasonable interpretation of the facts. Therefore, this claim will be dismissed.

B. Claim 2: Ineffective Assistance of Counsel

Petitioner alleges that counsel rendered ineffective assistance when he failed to obtain a recording of the preliminary hearing. Petitioner alleges that the transcripts of the preliminary hearing are inaccurate. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229,

233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. And, in this respect, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. See Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

When petitioner presented the corresponding claim in his state habeas petition to the Supreme Court of Virginia, it held that:

> Petitioner has failed to proffer the CD recordings or any other evidence that the transcripts of the preliminary hearing are inaccurate. Petitioner does, however, provide a letter from the court reporting agency indicating they reviewed the records and the transcripts and determined that the transcripts accurately reported what transpired in court. Counsel is not ineffective for failing to make a futile objection. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Jenkins v. Warden, supra, at 3. The state court's rejection of this claim was not contrary to, or an unreasonable application of law, nor was it based on an unreasonable determination of the facts.

Williams, 529 U.S. at 412–13. A review of the record shows that petitioner attached to his state habeas petition a copy of a letter he received from the court reporting service stating, "You have previously requested that we review the audio recordings of the court proceedings in question[]. As I previously wrote to you in 2008, the review of the tapes and the transcripts confirmed that the transcripts accurately report what transpired in the court on those days." R. No. 120214 (Ex. to Pet.) (Letter dated June 8, 2010). Because petitioner fails to offer evidence that the transcripts are inaccurate, the Supreme Court of Virginia reasonably found that petitioner failed to show that counsel was ineffective for failing to object to the recordings. Therefore, this claim must be dismissed.

C. Claim 4: Denial of Fifth Amendment Right

Petitioner argues that he was denied his Fifth Amendment right to suppress the statement he made to police. When petitioner presented this issue in his state habeas corpus petition, the Supreme Court of Virginia held that the claim was "barred because this issue was raised and decided in the trial court and on direct appeal from the criminal conviction, and therefore, it cannot be raised in a habeas corpus petition. Henry, 576 S.E.2d at 496." Jenkins v. Warden, supra, at 4.

When petitioner raised the issue on direct appeal to the Court of Appeals of Virginia, he contended that a statement he made after receiving Miranda warnings should not be admitted at trial because police engaged in a two-step questioning technique proscribed by Missouri v. Seibert, 532 U.S. 600 (2004). The Court of Appeals held that the trial court correctly denied petitioner's motion to suppress. Applying Seibert, it found that the police officer did not intentionally withhold Miranda warnings and that the statement in question was not the subject of a pre-warning interrogation. R. No. 2318-08-4, at 9. Because the Court of Appeals' opinion

was the last reasoned decision on this issue, its holding is imputed to the Supreme Court of Virginia. See Ylst, 501 U.S. at 803.

The finding of the Court of Appeals is neither contrary to nor an unreasonable application of federal law and is not based on an unreasonable interpretation of the facts. A review of the record shows that trial court observe that the petitioner's response prior to receiving the Miranda warning was not inculpatory, Suppression Tr. 48–49, No. CR-05-66292 (Nov. 15, 2007), rendering the instant case distinguishable from Seibert, United States v. Mashburn, 406 F.3d 303, 307 (4th Cir. 2005) (noting that Seibert prohibits "the technique of withholding warnings until after interrogation succeeds in eliciting a confession"). The Court of Appeals' review of the trial court ruling on the motion to suppress was based on a reasonable interpretation of the facts and law; therefore, Claim 4 must be dismissed.

## V. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this petition must be dismissed, with prejudice. An appropriate Order shall issue.

Entered this 28th day of August 2013.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia